ZEHMER, Judge.
Kathi Fiehera, a reporter for the local newspaper in Columbia County, the Lake City Reporter, wrote a news article about the trial and conviction of Edward R. Shade for committing the offense of sexual battery against appellant Edith Williams.[1] Mrs. Williams and her husband (plaintiffs below) have appealed the summary judgment entered against them in their civil action for damages allegedly caused by ap-pellees’ identification of Mrs. Williams in the news article. We affirm.
The frightening and sordid episode giving rise to this action occurred in 1979, when Mrs. Williams, a white woman living without any semblance of public notoriety with her husband and daughter in the family home in White Springs) was thrust involuntarily into the public arena of newsworthy events as a result of being assaulted and raped by Shade, a black man, in her home in full view of her five-year-old daughter. Her assailant was prosecuted, and although she was not able to directly identify him, she was a principal witness at the trial, which was fully open to the public. No effort was made by the court, the prosecutor, or Mrs. Williams to keep her name, as victim of the crime, confidential. A number of black persons who knew the defendant attended the trial and made comments characterizing the proceeding as purely racial. When the accused was found guilty, the atmosphere in and around the courthouse became openly hostile toward Mrs. Williams, with many of the blacks shouting that the defendant was convicted only because he was black and Mrs. Williams was white. Appellee Fich-era was present throughout the trial. After Shade’s conviction, she wrote in her news article, among other things, that “the trial became a racial issue when White •Springs blacks charged that the jury’s verdict was reached only because Edward R. Shade is black and the victim, Edith Williams, is white.” The article likewise disclosed the names of Mrs. Williams’ husband and young daughter, and quoted Mrs. Williams’ favorable comments on the outcome of the trial.
Subsequent to publication of the article, members of the black community conducted demonstrations, described as “hostile,” in the street immediately adjacent to Mrs. Williams’ home and, according to the plaintiffs, she and her family were threatened and harassed to such an extent they were ultimately forced to move away from White Springs. The plaintiffs’ suit against the appellees alleged several theories of action: (1) violation of section 794.03, Florida Statutes, (2) negligence, (3) invasion of privacy, loss of consortium, and (4) the admittedly new theory that appellees became liable for damages because they published the plaintiffs’ name “in reckless disregard for the physical safety of a rape victim.” On this appeal, plaintiffs seek reversal of the summary judgment primarily on the ground that the law and material disputes in the evidence support their right to a jury trial on this latter theory.
Plaintiffs do not contend that the newspaper article was false or defamatory, nor *40 do they contend on appeal that publication of Mrs. Williams’ name in the newspaper violated her right to privacy. They recognize that the decisions in Doe v. Sarasota-Bradenton Florida Television Co., 436 So.2d 328 (Fla. 2d DCA 1983), and Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), establish appellees’ legal right to publish the name of a-rape victim whose identity has been disclosed in public documents or at a public trial. Rather, plaintiffs contend that appellees should be liable for damages for publishing the news article in reckless disregard for the physical safety of the plaintiffs because the reporter and newspaper should have known that publication of Mrs. Williams' identity in an article discussing not just the outcome of the criminal trial but circumstances characterized as racial strife would likely cause harm to Mrs. Williams and her family. Appellants did not contend at oral argument that appellees had actual knowledge or intent that their publication would cause the alleged harm to plaintiffs; nor did they allege that the article incited others to riot or commit other unlawful acts against plaintiffs. It was not even contended that the persons demonstrating near plaintiffs’ home were committing unlawful acts.
Although plaintiffs’ novel theory appears to sound in negligence, plaintiffs insist it is more in the nature of conduct sufficiently reckless to constitute an intentional violation of their rights guaranteed by the Florida Constitution. Plaintiffs cite no case law upholding this legal cause of action, but rely on the alleged constitutional right of all natural persons to enjoy life and liberty and to pursue happiness free from unwarranted physical danger, article I, section 2, Florida Constitution, and the constitutional right of access to court for the redress of injury, article I, section 21, Florida Constitution. These constitutional rights, plaintiffs say, must be balanced against appel-lees’ First Amendment right to freedom of the press, and the circumstances shown in this case tip that balance in favor of plaintiffs’ right to recover.
After careful consideration of the briefs and oral argument, we find no error in the trial judge’s order granting summary judgment. We conclude that any cause of action for damages against appellees under the circumstances alleged is barred by the decisions in Doe v. Sarasota-Bradenton Florida Television Co., supra, and Cox Broadcasting Corp. v. Cohn, supra. Mrs. Williams’ name was a matter of public record, and appellees had no duty to withhold publication of her name. While we are quite sympathetic to plaintiffs’ plight and their desire to obtain some means of indemnity for the damages they have suffered, nevertheless we must decline to fashion a wholly new cause of action holding a newspaper and its reporter liable in damages for publishing the rape victim’s name under the circumstances shown in this case.
This is not to say that the media are always immune from liability for the consequences of publishing a rape victim’s name. Our holding is strictly limited to the facts of this case. To some extent, a balancing of the news media’s First Amendment right to freedom of the press against the state’s interest in facilitating the prosecution of sexual battery cases, as well as the need for protecting victims and witnesses involved in criminal cases, must be made in all cases; but whether publication of the names of crime victims may lawfully be prohibited apart from the media’s exercise of self-restraint is a matter for decision on a case-by-case basis, preferably at the time of and by the court having jurisdiction over the criminal prosecution. Cox Broadcasting Co. v. Cohn, supra; Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); Doe v. Sarasota-Bradenton Florida Television Co., supra.
While appellees clearly acted within their legal rights, we also caution, as did Judge Campbell in the well-written opinion in Doe v. Sarasota-Bradenton Florida Television Co., supra, that, whenever the media have the clear right to publish the identity of rape victims already disclosed *41 by public documents or in public trials, the media should be constantly alert to the potential harm that may result from such publication, particularly where, as here, naming the victims involved is unnecessary to the essential elements of the story being presented. The fact that the media may have a constitutional right to publish names does not mean they should exercise the right in every case. As stated in Doe, “[I]t would behoove the media to engage in their own balancing test with an eye to avoiding harm such as may have occurred here.” 436 So.2d at 332.
AFFIRMED.
SMITH and BARFIELD, JJ., concur.

. The conviction of Shade was affirmed on appeal. Shade v. State, 400 So.2d 850 (Fla. 1st DCA 1981).